## Powell's Administrator v. Mercer County Board of Education.

(Decided March 16, 1926.)

### Appeal from Boyle Circuit Court.

Executors and Administrators—Trust Fund for Support of School Held Not "the Estate of a Ward" nor a Preferred Claim Against Estate of Trustee, to be Paid Before His Other Creditors (Ky. Stats., Sections 74, 1916, 3868).—In view of Ky. Stats., sections 74, 1916, where, in 1840, a trust fund was created for support of a school, and in 1923 trustee thereof died insolvent, the trust fund

was not an estate of a ward within section 3868, nor part of the estate of a dead person, and therefore a preferred claim against estate of the trustee, to be paid before other creditors; "estate of a ward" including only estates of infants in the hands of their guardians.

NELSON D. RODES for appellant.

R. L. BLACK and R. W. KEENON for appllee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

In 1840 Charles Hart died testate a resident of Mercer county; by his will he bequeathed $1,000.00 as a trust fund, the income therefrom to be used to support a school in the Martin school district in Mercer county. From 1840 until 1910 a number of trustees were successively appointed who held and managed the trust fund as directed by the will. In April, 1910, the trustee then holding the fund resigned and Charles Powell was duly appointed by the Mercer county court as trustee of the fund. He then qualified and executed bond for the faithful performance of his trust. He died on September 6, 1923; Thomas Harmon was then the surety on his bond as trustee. On December 18, 1923, the administrator of Charles Powell and Thomas Harmon filed their petition in equity against the devisees and creditors of Charles Powell, seeking a sale of the land he owned and a settlement of the estate. By an amended petition they made the Mercer county board of education party defendant and asked that it set up its claim against the estate of Charles Powell by answer, and that the court direct the administrator as to whether the claim of the Mercer county board of education was or was not a perferred claim to be paid in full before the other creditors of the decedent. The estate was insolvent. The circuit court adjudged the claim of the board of education to be a preferred claim under section 3868, Kentucky Statutes, and directed the administrator to pay it in full before paying any other creditor anything. From this judgment the administrator appeals.

Section 3868, Kentucky Statutes, is in these words:

"If the personal estate of a decedent be not sufficient to pay his liabilities, then the burial expenses of such decedent, and the cost and charges of the administration of his estate, and the amount of the

estate of a dead person, or of a ward, or of a person of unsound mind, committed by a court of record to, and remaining in the hands of, a decedent, shall be paid in full before any *pro rata* distribution shall be made; but this preference shall not extend to a demand foreign to this state. All other debts and liabilities shall be of equal dignity, and paid ratable in administration of his estate, and should more than the ratable share of any debt be paid, his personal representative shall only receive credit for its proper proportion.''

It will be observed that by the statute the following claims shall be paid in full; the burial expenses of the decedent, the cost and charges of the administration of his estate, the amount of the estate of a dead person, or of a ward, or of a person of unsound mind, committed by a court of record to, and remaining in the hands of the decedent. It is earnestly insisted that the thousand dollars in controversy is a part of the estate of a dead person, or of a ward, committed by a court of record to, and remaining in the hands of the decedent. But the thousand dollars has long since ceased to be a part of the estate of Charles Hart. It ceased to be a part of his estate when it was paid over by his executors to the trustee appointed to receive it some eighty years ago. Since that time it has been a trust fund belonging to the school district. While the school children in that district received benefit from the fund, the fund did not belong to them and it clearly was not the estate of a ward, within the meaning of the statute. By the words ''the estate of a ward,'' the statute was intended to include the estate of infants in the hands of their guardians. The school children were in no sense the wards of Powell. The statute has been in force since 1851 and the court cannot extend its terms. It is true a different rule is provided in section 74, Kentucky Statutes, as to the distribution of estates voluntarily assigned for the benefit of creditors. A different rule is also provided in section 1916, Kentucky Statutes, in the case of involuntary assignments for the benefit of creditors, but neither of these sections affect in any way section 3668 prescribing the distribution of a deceased person's estate. The statute was construed as above indicated by this court in Stephens v. Stephens, 89 Ky. 185, and by the superior court in Crutcher v. Kavanaugh, 12 Ky. Law R. 292, and must be

enforced as it is written unless changed by the legislature. The trust fund was not kept separate and cannot now be indentified, as Powell simply used it in his own business.

Judgment reversed and cause remanded for a judgment as above indicated.